[Cite as *State v. Clark*, 2016-Ohio-333.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals Nos. L-14-1240
                                                                                    L-14-1241
        Appellee

                                                             Trial Court Nos. CR0201303221
v.                                                                                 CR0201402125

Antoine Clark                                          **DECISION AND JUDGMENT**

        Appellant                                          Decided:  January 29, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Jennifer L. Donovan, Assistant Prosecuting Attorney, for appellee.

Diana L. Bittner, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a delayed, consolidated appeal from a July 29, 2014 judgment of the

Lucas County Court of Common Pleas, denying, in part, and granting, in part, appellant's

motion to suppress evidence, and a September 30, 2014 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to a 12-month term of incarceration for his first amended conviction of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, and a six-month term of incarceration for his second amended conviction of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, with the sentences ordered to be served consecutively. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Antoine Clark, sets forth the following two assignments of error:

1. The trial court erred in denying defendant appellant's motion to suppress evidence seized pursuant to the traffic stop.

2. The trial court erred in not complying with the purposes and principles of sentencing under ORC §2929.11 and §2929.12 at the sentencing hearing.

{¶ 3} The following undisputed facts are relevant to this appeal. On September 11, 2013, appellant's vehicle was stopped in North Toledo on suspicion of the vehicle possessing unlawfully tinted windows in violation of a local traffic ordinance.

{¶ 4} As the police officer approached appellant's vehicle, he immediately detected a powerful odor of marijuana emanating from the vehicle. In conjunction with this tangible observation, the police officer also observed appellant to be behaving in a suspicious manner. Appellant was both looking straight ahead and not making eye contact with the officer and also was not replying to questions being asked by the officer.

2.

**{¶ 5}** Based upon this combination of suspicious factors, in conjunction with the issue of tinted windows preventing the officer from seeing inside the vehicle, the officer instructed appellant to step outside of the vehicle. After appellant did so, the officer immediately observed a substantial bulge protruding from appellant's left pant pocket. Upon inquiry, appellant disclosed having something unlawful on his person. The officer then recovered 36 grams of cocaine, some marijuana, a digital scale, and a quantity of cash from appellant's person.

**{¶ 6}** On December 27, 2013, appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the first degree, one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the first degree, and one count of possessing weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree.

**{¶ 7}** On June 10, 2014, while out on bond on the above-described felony offenses, the Toledo police department responded to an emergency domestic violence call involving appellant. While searching appellant in the course of arresting him in connection to the domestic violence incident, the police recovered 19 grams of cocaine from appellant's person.

**{¶ 8}** On July 17, 2014, appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the third degree, and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the third degree.

3.

**{¶ 9}** Subsequent to the second set of felony offenses being filed against appellant, counsel for appellant filed both a motion to suppress evidence of a gun recovered from appellant's vehicle in the initial incident and also moved to suppress the additional items recovered from appellant's person.

**{¶ 10}** On July 19, 2014, following a suppression hearing on the pending motions, the motion was granted with respect to the gun, and denied with respect to the items recovered from appellant's person. Following the suppression ruling, a plea agreement covering all pending charges against appellant was reached.

**{¶ 11}** On August 19, 2014, appellant pled no contest to one amended count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, in connection to the initial incident, and also pled no contest to one amended count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, in connection to the second incident which had occurred while appellant was out on bond following the initial incident. A presentence investigation report was ordered.

**{¶ 12}** On September 30, 2014, appellant was sentenced to a 12-month term of incarceration for the initial incident and a 6-month term of incarceration for the subsequent incident, ordered to be served consecutively. All remaining felony counts pending against appellant were dismissed pursuant to the plea agreement. This appeal ensued.

4.

{¶ 13} In appellant's first assignment of error, appellant maintains that the trial court erred in not granting appellant's motions to dismiss in their entirety. We do not concur.

{¶ 14} The Supreme Court of Ohio has consistently upheld the constitutional validity of traffic stops triggered by a reasonable and articulable suspicion of a criminal violation in light of the totality of the circumstances. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7-8.

{¶ 15} In conjunction with the above guiding legal parameters, it must be considered whether in light of all facts available at the time, along with reasonable inferences from those facts, a reasonable, articulable suspicion of criminal conduct existed so as to warrant the traffic stop, accompanying search, and the seizure of any unlawful items discovered during the search. *State v. Bobo*, 37 Ohio St.3d 177, 178-179, 524 N.E.2d 489 (1988).

{¶ 16} In applying the above governing legal principles to the instant case, the record reflects that upon making a traffic stop of a motor vehicle possessing tinted windows, potentially in violation of a local ordinance, the officer detected a powerful odor of marijuana emanating from appellant's vehicle, the officer was unable to see inside the vehicle, and the officer observed appellant behaving in a suspicious manner.

{¶ 17} Accordingly, faced with these facts and circumstances, the officer properly directed appellant to exit the vehicle. Upon exiting the vehicle, the officer immediately observed a sizable, suspicious protrusion from appellant's left pant pocket. It was

5.

subsequently determined that appellant possessed a sizable quantity of cocaine, a scale, cash, and marijuana upon his person.

{¶ 18} We have carefully reviewed and considered the record of evidence in this matter. The record reflects ample evidence constituting a reasonable articulable suspicion in support of the disputed search of appellant's person. Wherefore, we find appellant's first assignment of error not well-taken.

{¶ 19} In appellant's second assignment of error, appellant asserts that he was unlawfully sentenced. In support, appellant contends that the trial court failed to engage in the requisite consideration of the purposes and principles of sentencing and the seriousness and recidivism factors in the course of sentencing appellant. The record of evidence does not bear out this assertion.

{¶ 20} The transcript of appellant's sentencing hearing reflects in pertinent part,

In 1999 [appellant] was convicted in Kentucky of trafficking in marijuana, a misdemeanor. [In] 2000, in Kentucky, a federal charge, possession with intent to distribute. He was sentenced to eight months in custody. He violated probation. He served another four months. [In] 2003, there was another Kentucky possession of controlled substance, second offender. Also, a marijuana possession charge. Domestic violence charge in 2011 and in March 2014, disorderly conduct. This defendant does have two prior drug offenses. He rates high on the ORAS score, the Ohio Risk Assessment Score. Based upon his prior record and that testing,

6.

I'll make a finding that this defendant is not amenable to community control. * * * And for someone who has two prior felony convictions and who committed a new felony when he was on bond, I think that incarceration under those circumstances is necessary.

{¶ 21} The record clearly reflects that the trial court fully and properly engaged in the requisite analysis prior to the imposition of the disputed sentence. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 22} Accordingly, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____

                                                         JUDGE

Thomas J. Osowik, J.       

                                                   _____

James D. Jensen, P.J.                                  JUDGE
CONCUR.

                                                   _____
                                                         JUDGE

7.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.